UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDY PETERSON,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

Case No. 14-cv-13116

Honorable Patrick J. Duggan

Magistrate Judge Mona K. Mazjoub

**<u>OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING DEFENDANT'S OBJECTION, (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (4) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART, AND (5) REMANDING THE ACTION TO THE COMMISSIONER</u>**

Plaintiff Candy Peterson seeks judicial review of a final decision of Defendant Commissioner of Social Security denying her Title II application for a period of disability and disability benefits as well as her Title XVI application for supplemental security income, both protectively filed pursuant to the Social Security Act on April 26, 2011. In her applications for benefits, Plaintiff alleged a disability onset date of February 5, 2011 due to herniated discs in her back, fibromyalgia, high blood pressure, carpal tunnel syndrome, bipolar disorder, depression, muscle spasms, tremors, sleep apnea, and a cracked spine. The Social Security Administration initially denied Plaintiff's applications for benefits on

November 14, 2011. On February 5, 2013, upon Plaintiff's request, Administrative Law Judge ("ALJ") Mary Peltzer conducted a de novo hearing at which Plaintiff, represented by counsel, appeared and testified. The ALJ issued a decision on March 1, 2013, finding Plaintiff not disabled because she was capable of performing a significant number of jobs in the national economy. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied review. Plaintiff initiated the instant suit seeking judicial review of the Commissioner's unfavorable decision on August 13, 2014.

The case was referred to a United States Magistrate Judge for a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of Michigan Local Rule 72.1(b)(3). Thereafter, the parties filed cross motions for summary judgment. On August 7, 2015, Magistrate Judge Mona K. Majzoub filed an R&R, recommending that Plaintiff's motion be granted in part, that Defendant's motion be denied, and that the matter be remanded to the Commissioner "for proper consideration and discussion of Dr. Pettit's medical opinion as a treating physician in accordance" with the Social Security Administration's regulations. (R&R 2.) At the conclusion of the R&R, Magistrate Judge Majzoub advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Defendant timely filed a single objection to the R&R on August 21, 2015 and Plaintiff filed a

response on September 2, 2015. Defendant's objection to the R&R is presently before the Court. For the reasons set forth herein, the Court will adopt the R&R, grant Plaintiff's summary judgment motion in part, deny Defendant's summary judgment motion, and remand the action to the Commissioner for further consideration.

## I. LEGAL FRAMEWORK

### A. Social Security Framework

Under the Social Security Act (hereinafter, the "Act"), disability insurance benefits "are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505 (DIB); 20 C.F.R. § 416.905 (SSI).

Under the authority of the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). If an ALJ determines that the claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must continue to the next step. *Id.* "The burden of proof is on the claimant through the first four steps. . . . If the analysis

reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2] 20 C.F.R. § 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of Plaintiff's disability. (Tr. 31.)

[2] The ALJ concluded that Plaintiff had the following severe impairments: fibromyalgia; degenerative disc disease, lumbar and cervical spine; obesity; migraine headaches; and mental disorder, diagnosed to include depression, generalized anxiety disorder, panic disorder without agrophobia, and bipolar disorder. (Tr. 32.)

[3] The ALJ opined that Plaintiff did not have an impairment or combination of impairments meeting or medically equivalent to a listed impairment. (Tr. 33.)

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

## B. Standard of Review Applicable to Social Security Appeals

This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).[6] Judicial review under this statute is limited: the

---

[4] The ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: work that can be done in a seated or standing position or combination thereof; occasional climbing of stairs and ramps; no climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; no exposure to temperature extremes; avoid concentrated exposure to vibrations and respiratory irritants such as dust and fumes; and no exposure to hazards such as unprotected heights. She can perform unskilled work with specific vocational preparation (SVP) of one or two; can make judgments on simple work-related decisions; and can have no contract with the general public but occasional contact with coworkers. She can stay on task at least 90 percent of the workday, exclusive of normal breaks." (Tr. 36.) Based on this assessment, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 42.)

[5] Taking these criteria into consideration, and upon consulting with an impartial vocational expert who testified during the hearing before the ALJ, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 42.)

[6] Title 42 U.S.C. § 405(g) provides, in pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain

5

Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

A district court's review of an ALJ's factual findings involves application of the substantial evidence standard. Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice

---

a review of such decision by a civil action . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

6

within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks omitted).

When reviewing the Commissioner's factual findings for substantial evidence, courts are limited to examining the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (explaining that courts reviewing the Commissioner's factual findings for substantial evidence must consider the evidence in the record as a whole, including evidence which might subtract from its weight). Federal courts may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (unpublished) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).

The other line of judicial inquiry – reviewing for correctness of the ALJ's legal analysis – may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.*

7

(quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)); *cf. Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001) (the Commissioner has a clear, nondiscretionary duty to comply with Social Security regulations).

## C.   Standard of Review Applied to Objections to an R&R

Courts review de novo the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b).  Courts are not, however, "required to articulate all the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## II.   ANALYSIS

Defendant's raises a single objection to Magistrate Judge Mazjoub's R&R, arguing that the magistrate judge's "recommendation is based on a misinterpretation of the Commissioner's regulations that a diagnosis is an opinion, which must in turn be evaluated under 20 C.F.R. sections 404.1527 and 616.927, and for which the ALJ must give good reasons for the weight it is afforded." (Def.'s Obj. 3 (citing R&R 6-10).)  Arguing that the ALJ's failure to explain the weight it accorded to Plaintiff's treating psychiatrist,[7] Dr. Pettit, was justified on the basis that Dr. Pettit's treatment records contained only diagnoses as opposed to

---

[7] The parties do not dispute that Dr. Pettit qualifies as a treating psychiatrist whose opinion is entitled to deference unless unsupported by substantial record evidence.

8

an actual medical opinion, Defendant asks this Court to reject the R&R and enter judgment in its favor.

In the R&R, Magistrate Judge Mazjoub recommends denying Defendant's motion for summary judgment and granting Plaintiff's cross motion in part because, in her opinion, the ALJ failed to properly evaluate and or assign any weight to the treatment records of Dr. Pettit.  (R&R 9-10.)  In reaching this conclusion, the magistrate judge rejected Defendant's argument – rehashed in its objections – that the ALJ did not err "because Dr. Pettit did not author a medical opinion with regard to Plaintiff's impairments or functional limitations."  (*Id.* at 9.) Magistrate Judge Mazjoub noted the Social Security Administration's definition of "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2), § 416.927(a)(2).  Noting that the ALJ not only failed to mention Dr. Pettit by name or the results of Plaintiff's Burns Anxiety and Depression Tests, but that a "plain reading of the ALJ's decision demonstrates that she did not assign any weight to the opinions of Dr. Pettit, except for the GAF scores that [s]he assigned to Plaintiff[,]" Magistrate Judge Mazjoub determined that the matter should be remanded for proper consideration and discussion of Dr.

9

Pettit's medical opinion as a treating physician pursuant to sentence for of 42 U.S.C. § 405(g). (R&R 8, 9.)

Defendant argues that the magistrate judge erred by concluding that Dr. Pettit's diagnoses were a medical opinion because they provided no explanation of Plaintiff's specific limitations. According to Defendant's reading of the pertinent regulations, a medical opinion must provide insight into a plaintiff's actual restrictions or specific limitations resulting from a given condition. While this position is not entirely without support, the cases Defendant relies upon are distinguishable from the circumstances existing here, namely because Defendant fails to address, or even mention, Magistrate Judge Majzoub's concerns regarding the Burns Anxiety and Depression Tests. As the R&R points out, if the test scores were completed by Dr. Pettit, they would constitute medical opinions and would be relevant to the ALJ's analysis, "as they measure the severity of a person's anxiety or depression." (R&R 9.) Such evidence would serve to inform the ALJ of "specific limitations that impair Plaintiff's ability to work[,]" *Leidlein v. Commissioner of Social Security*, No. 14-10718, 2015 U.S. Dist. LEXIS 39122, at *20-21 (E.D. Mich. Mar. 27, 2015) (Berg, J.), and should therefore be considered on remand if it is determined that the tests were completed by Dr. Pettit.

### III. CONCLUSION AND ORDER

10

Having thoroughly reviewed the administrative record, Magistrate Judge Mazjoub's R&R, Defendant's objection to the R&R, and Plaintiff's response thereto under the lens of de novo review, the Court **OVERRULES** Defendant's objection and **ADOPTS** Magistrate Judge Mazjoub's R&R.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED** and that Plaintiff's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the Commissioner for further consideration pursuant to Sentence Four of 42 U.S.C. § 405(g) for proceedings consistent with this Opinion and Order.

Dated: September 21, 2015

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:

**Karlan J. Bender, Esq.**
**Derri T. Thomas, AUSA**
**Karla J. Gwinn, Esq.**
**Magistrate Judge Mona K. Mazjoub**